IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 09-cv-01382-BNB

KENT FRENCH,

    Applicant,

v.

WARDEN STERLING CORR. FACILITY, and
THE ATTORNEY GENERAL OF THE STATE OF COLORADO,

    Respondents.

F I L E D
UNITED STATES DISTRICT COURT
DENVER, COLORADO

OCT -2 2009

GREGORY C. LANGHAM
             CLERK

## ORDER OF DISMISSAL

### I. Background

Applicant Kent French is a prisoner in the custody of the Colorado Department of Corrections at the Sterling, Colorado, Correctional Facility. Mr. French, acting *pro se*, initiated this action by filing two Applications for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 challenging the validity of his conviction in the Weld County District Court in Case No. 05CR657. Subsequent to filing the original Applications, Mr. French filed two additional Applications. The Court will consider all four applications.

On July 2, 2009, Magistrate Judge Boyd N. Boland directed Respondents to file a Pre-Answer Response limited to addressing the affirmative defenses of timeliness under 28 U.S.C. § 2244(d) and exhaustion of state court remedies under 28 U.S.C. § 2254(b)(1)(A). On August 18, 2009, Respondents filed a Pre-Answer Response. Mr. French has failed to reply to the Pre-Answer Response within the time allowed.

Mr. French asserts that he pled guilty and was convicted on April 1, 2006, of one count of fraud by check and was sentenced to four years of incarceration and three years of parole. (Application at 2.) Mr. French asserts that he did not file a direct appeal but that he did file a Colo. R. Crim. P. 35(c) postconviction motion that was denied on February 6, 2009, in which he did not appeal the denial. (Application at 4.)

Respondents assert that Mr. French was charged with multiple counts of theft and that he entered guilty pleas to the charges on April 13, 2006, and was sentenced on July 26, 2006. (Pre-Answer Resp. at 2.) Respondents further assert that Mr. French filed a Rule 35(c) postconviction motion on February 6, 2009, that was denied on February 9, 2009. (Pre-Answer Resp. at 2.)

II. Analysis

The Court must construe Mr. French's Application liberally because he is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not act as an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110. For the reasons stated below, the Court will dismiss the action.

A. 28 U.S.C. § 2244(d) Time-Bar

Under 28 U.S.C. § 2244(d), the statute provides as follows:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

2

>(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
>(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
>(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
>(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

Respondents argue that pursuant to Colo. App. R. 4(b) Mr. French's conviction was final on September 11, 2006, forty-five days after he was sentenced. (Pre-Answer Resp. at 4.) Respondents conclude that over two years now has passed from when Mr. French filed his Rule 35(c) postconviction motion on February 6, 2009, and, therefore, the Application is untimely. (Pre-Answer Resp. at 4.)

Respondents further argue that although Mr. French has raised the issue of ineffective assistance of counsel and temporary insanity in the context of failure to exhaust his claims, he does not raise the same issues in the context of equitable tolling, but even if he had his claims would not excuse the untimeliness. (Pre-Answer Resp. at 4.) Respondents contend that Mr. French's claims are conclusory and vague and that

he fails to state why his attorney's representation was poor and during what time period he was temporarily insane. (Pre-Answer Resp. at 4-5.)

Mr. French's conviction became final on September 11, 2006. *See* Colo. App. R. 4(b) and 26(a). In the absence of any reason to toll the limitations period, Applicant should have initiated this action by September 11, 2007. Mr. French's Rule 35(c) postconviction motion was not filed until February 6, 2009. (Pre-Answer Resp., Appx. A, Register of Actions Case No. 05CR657.) Therefore, Mr. French did not have a postconviction motion or collateral proceeding pending in state court from September 12, 2006, the day after his conviction was final, until February 5, 2009, the day prior to when he filed his Rule 35(c) postconviction motion, a period of well over two years.

Mr. French does not allege in any of the Applications that he has filed in this action that there are any constitutional rights newly recognized by the Supreme Court that apply to his case. He also does not assert that there were any impediments to filing an application which were created by state action. As a result, the Court finds that the instant action is time-barred in the absence of some other reason to toll the one-year limitation period.

The one-year limitation period in § 2244(d) is not jurisdictional and may be tolled for equitable reasons in appropriate extraordinary situations when circumstances beyond a prisoner's control make it impossible to file the habeas corpus application on time. *See Miller v. Marr*, 141 F.3d 976, 978 (10th Cir. 1998). In addition, equitable tolling may be appropriate if the inmate is actually innocent or if the inmate actively pursues judicial remedies but files a defective pleading within the statutory period. *See*

4

*Gibson v. Klinger*, 232 F.3d 799, 808 (10th Cir. 2000). Simple excusable neglect, however, is not sufficient to support equitable tolling. **See** *id.* Furthermore, equitable tolling is appropriate only if the inmate pursues his claims diligently. **See** *Miller*, 141 F.3d at 978. The inmate must allege with specificity the steps he took to pursue his federal claims. *Yang v. Archuleta*, 525 F.3d 925, 930 (10th Cir. 2008). Finally, Mr. French bears the burden of demonstrating that equitable tolling is appropriate in this action. **See** *Miller*, 141 F.3d at 978.

Although Mr. French does assert what appears to be an ineffective assistance of counsel claim and an incompetency claim, neither of the claims are sufficient to support an equitable tolling claim. Mr. French does not assert why his counsel was ineffective, and he does not assert the time during which he may have been incompetent. Mr. French does assert that he was given Psycho-Tropic drugs during the trial, but nothing he asserts in any of the Applications he has filed indicates that he was rendered mentally incompetent after he was sentenced and was incapable of filing a postconviction motion until February 6, 2009.

To the extent Mr. French asserts ignorance of the law (Application at 7) as an excuse for not filing his appeal earlier, the Tenth Circuit has found that it is well established that "ignorance of the law, even for an incarcerated pro se [applicant], generally does not excuse prompt filing." *Marsh v. Soares*, 223 F.3d 1217, 1220 (10th Cir. 2000) (quoting *Fisher v. Johnson*, 174 F.3d 710, 714 (5th Cir. 1999)).

The Court finds that Mr. French fails to demonstrate that equitable tolling is appropriate, and the instant action is barred by the one-year limitation period.

### B. State-Court Exhaustion

Because the action clearly is time-barred, the Court will refrain from addressing whether Mr. French has exhausted his state court remedies.

### III. Conclusion

Based on the above findings, the Court will deny the Application and dismiss the action as barred from federal habeas review, because the Application is time-barred under 28 U.S.C. § 2244(d). Accordingly, it is

ORDERED that the Application is denied and the action is dismissed because it is barred by the one-year limitation period in 28 U.S.C. § 2244(d).

DATED at Denver, Colorado, this 1st day of Oct., 2009.

BY THE COURT:

_/s/ Zita Weinshienk_
ZITA L. WEINSHIENK, Senior Judge
United States District Court

6

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 09-cv-01382-BNB

Kent French
Prisoner No. 112709
Sterling Correctional Facility
PO Box 6000
Sterling, CO 80751

Christopher Y. Bosch
Assistant Attorney General
**DELIVERED ELECTRONICALLY**

    I hereby certify that I have mailed a copy of the **ORDER AND JUDGMENT** to the above-named individuals on 10/2/09

GREGORY C. LANGHAM, CLERK

By: _____
      Deputy Clerk